**United States District Court**
**District of Rhode Island**

| | | |
|---|---|---|
| Michael J. Wheelock,Sr.,Pro-Se<br><br>vs.<br><br>State of Rhode Island, Rhode Island Department of Corrections (RIDOC); A.T.Wall, Director of the RIDOC; Walter Whitman, Warden of the Medium 1 Security Facility; Joseph Morocco, Medical Services Administrator; Fredrick Friedman, Director of Health and Rehabilitative Services for the State of RIDOC; Defendants,et.al. | : | C.A.No.2000-144T |

**BRIEF**

The plaintiff, Michael J. Wheelock,Sr., Pro-Se, was unable to produce a witnessed urine sample on two seperate occasions in August and December of 1999, do to anxiety(Bashful Bladder). Plaintiff was sanctioned by means of segregation, a downgrade in status, loss of earned and unearned good-time-credits, visits, job, the paycheck and industrial-good-time-credits which goes with having a job, etc... Furthermore, and most importantly, I was denied visitation, lost parental rights, and have not seen my son or daughter in seven years, specifically, because my disciplinary record was presented to the Kent County Family Court, which stated, "I had refused / failed two urinalysis drug screenings." I explained to the Family Court that I had not used drugs and was unable to produce a witnessed urine sample do to anxiety (Bashful Bladder Syndrome). The Family Court refused to recognize my statement.

I have been tormented, and continue suffering irreparable harm and damages as a result of the State of Rhode Island Department

of Corrections Policy: 9.36-2 DOC., which states, "a failure to produce and a refusal to give a urine sample are both treated as a dirty urine specimen."

I argued with the Rhode Island Department of Corrections, via this Court(The United States District Court For The District Of Rhode Island), that I had not been able to produce a urine sample do to my anxiety(shy bladder), and that everytime I was ordered to do so was simply humiliating and degrading, especially, since I was psychologically disabled, my inability to comply with the order was innate, and still I was continuously ordered to produce witnessed urine samples.

I further argued that the operation of the presumption deeming any failure to provide a urine sample to be a refusal / dirty urine, in combination with my inability to rebut that presumption, and the sanction of forfeiture of good-time-credits, etc..., was a violation of my rights under the United States Constitution. The Court failed to rule on this matter, and for whatever reasons, steered the case away from these allegations, to rule on others(that random and unannounced testing of inmates was reasonable), which were irrelevant and not of issue at hand.

The plaintiff alleges that this Court erroneously granted the defendants Summary Judgement, do to but not limited to, all of which this Court was well aware of: I had no idea what I was doing; I was acting Pro-Se and Indigent of funds to secure "Medical Testimony" about shy bladder which was essential to the matter at hand; I was suffering from Mental Health Issues and denied Appointment of Counsel on several occasions; I was denied the ability to Amend the Complaint a second time or even provide

a Supplemental Memo to allow my action to be heard under, but not limited to: "The American With Disabilities Act Of 1990"; Furthermore, the Court erroneously construed the section marked, Undisputed Facts, stated in the order of Summary Judgement, "that on, 12-15-99, plaintiff was strip-searched and allowed 4-hours alone, however, he still did not provide a urine sample for drug testing purposes." This statement is in fact, not true, but was used in the determination of granting the defendants Summary Judgement. This erroneous statement shows that the defendants did try to accommodate my shy bladder on the second occasion before placing me in segregation. But the defendants did not and nowhere will this Court find such a statement made by either the plaintiff or the defendant'. The plaintiffs whole argument was based on, he should have been given such time alone, but it in fact did not happen. This Honorable Court must not let any ruling stand based upon a set of erroneous Undisputed Facts.

I was not able to follow up with any sort of appeals to this Court, or to the Court of Appeals for the First Circut, before, because of my deteriorating mental and physical health, do to the continuous retaliation that followed the filing of this origional action. If looked at, my disciplinary record will support, that when I was forced to stop defending this cause, for my own well-being. The trumped-up disciplinary charges stopped as well.

I have and continue to suffer irreparable harm and damages. I have been diagnosed with and always suffered from a disibility known as "Bashful Bladder Syndrome." Which was exactly why I had to file this original cause of action several years ago.

Wherefore, do to newly discovered evidence I had been unable

to obtain in the past while acting Pro-Se, Indigent, other factors and misinterpertations stated within, and the fact that this Court never ruled on the original matter at hand, "that I was unable to produce witnessed urine specimens for drug testing do to anxiety, "Bashful Bladder Syndrome."

I now again look to this Honorable Court to seek the ends of Justice to stop the State of Rhode Island Department of Corrections, from discriminating against me as a disabled person.

Respectfully Submitted,

Michael J. Wheelock,Sr., Pro-Se
Inmate #74124 Medium 1 Security
John J. Moran Facility PO.Box8274
Cranston, Rhode Island 02920

A copy of this order and a copy of the complaint shall be served upon the defendant(s) forthwith.

Issued at_______am./pm. This_______day of____________,2005,AD.

Enter: By Order:

______________________ ______________________
Justice Clerk

Certification

[ 28 U.S.C. 1746 ]

I, Michael J. Wheelock, Sr., Pro-Se, hereby certify that on the 30th day of October, 2005, a true and accurate copies were sent via United States Postal Service to the Attorney Generals Office, 150 South Main Street, Providence, RI. 02903, and via State of Rhode Island Department of Corrections Interdepartmental Mail to A.T.Wall, Walter Whitman, Joseph Morocco, and Fredrick Friedman.

Michael J. Wheelock, Sr., Pro-Se
Inmate #74124 Medium 1 Security
John J. Moran Facility PO.Box8274
Cranston, Rhode Island 02920